FILED

2010 SEP 14  PM 3: 14

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Marija Petrovic,

    Plaintiff,

vs.    Case No.: 3:10-cv-840-J-MMH-JRK

Firstsource Financial Solutions, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by Defendant's illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Marija Petrovic (hereinafter "Plaintiff") is a natural person who resides in the City of Jacksonville, Duval County, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Firstsource Financial Solutions, LLC (hereinafter "Firstsource") is a collection agency operating from an address 7650 Magna Drive, Belleville, Illinois 62223-3366, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On or about June 25, 2010, Plaintiff applied via telephone for an upgrade to her gold Visa Card with VyStar Credit Union here in Jacksonville, Florida. Plaintiff desired to upgrade to a platinum card because it would have provided her with the following benefits not available with the gold card:

   a. A lower interest rate;

   b. A higher credit limit; and

   c. Reward points for every dollar spent.

7. The representative for VyStar pulled Plaintiff's credit at the time of the telephone conversation application referenced above and informed Plaintiff that she did not qualify for a Platinum upgrade because of two alleged medical bills with St. Anthony's Medical Center in St. Louis, MO, that were on her credit report and in collections. Plaintiff informed the VyStar representative that these medical bills were not her debts and she had never been to St. Anthony's Medical Center. The VyStar representative informed Plaintiff that she would need to resolve the matter through the credit reporting agencies herself.

8. Plaintiff then located a telephone number for St. Anthony's Medical Center and contacted them regarding said alleged medical debts. She was informed by a representative at St. Anthony's Medical Center that Firstsource was their collection agency and that Plaintiff needed to contact them directly because the alleged accounts for medical services had been sent to Firstsource for collections.

9. Plaintiff then contacted Firstsource and spoke with Rick Wilson, supervisor, regarding the alleged medical debts. Plaintiff informed Rick Wilson that the debts were not hers.

Rick Wilson informed the Plaintiff that the individual who incurred the medical debts at St. Anthony's Medical Center had no identification at the times of treatment and allegedly had used the Plaintiff's first and last name and former address in St. Augustine, Florida to obtain medical treatment at St. Anthony's Medical Center. Rick Wilson further informed Plaintiff that the individual who incurred the medical debts at St. Anthony's Medical Center allegedly stated an attorney would pay all her bills at St. Anthony's Medical Center and that she did not have a social security card on her because the card was being mailed to her. Rick Wilson further informed Plaintiff that the individual who received medical treatment at St. Anthony's Medical Center gave her date of birth as June 27, 1984, which is different from Plaintiff's date of birth.

10. Plaintiff explained to Rick Wilson, manager of Defendant, that the medical debts that Firstsource placed on her credit report were not hers and should be immediately removed from her credit report. Rick Wilson informed Plaintiff that Plaintiff would need to mail a letter to Firstsource explaining the situation before anything could be done about said medical bills being placed on her credit report with the credit reporting agencies.

11. On or about July 6, 2010, Plaintiff wrote a letter to Defendant explaining the situation as stated above, and included a copy of her Florida Drivers License and Social Security Card to prove her identity. A representative of Firstsource informed Plaintiff they would have to research the issue. Because Plaintiff did not hear back from Firstsource, she then called Firstsource on or about July 9, 2010, to find out the status of the investigation. A representative of Firstsource informed Plaintiff that her July 6, 2010, letter was forwarded to St. Anthony's Medical Center.

12. On or about July 9, 2010, Plaintiff received a letter from Firstsource. Plaintiff called Firstsource on July 9, 2010, and spoke to a representative of Firstsource named Denise. Denise provided Plaintiff with two telephone numbers for the alleged individual who incurred the debts at St. Anthony's Medical Center. Plaintiff called both numbers given to her by Denise, but was unable to determine the identity of the individual who allegedly used her information to obtain medical treatment.

13. On or about July 16, 2010, Plaintiff filed a police report with the Jacksonville Sheriff's Office concerning the issue. Plaintiff also called the St. Louis, Missouri police department to file a similar police report, but was informed them that she could only file a police report in person.

14. Plaintiff disputed the medical charges at St. Anthony's Medical Center with Equifax credit reporting agency. Equifax forwarded said dispute to Transunion and Experion, the other two credit reporting agencies on Plaintiff's behalf.

15. On or about June 28, 2010, Plaintiff received a letter from Equifax. The letter stated that Equifax had researched the two collection accounts on Plaintiff's credit report from Firstsource relating to Plaintiff's alleged medical bills from St. Anthony's Medical Center. As a result of Equifax's research, the collection accounts were deleted from Plaintiff's credit file. Equifax referred the Plaintiff to Firstsource for further information about the accounts.

16. On or about July 20, 2010, at 11:27 a.m., an employee of St. Anthony's Medical Center named Keisha left a voice mail message on Plaintiff's cellular telephone. In that message, Keisha stated that she had spoken with the Firstsource about Plaintiff's situation. Keisha stated that what Firstsource had done was perform a "skip trace" which

supposedly goes into a system and looks for all of the Marija Petrovics. Keisha further stated that this system sought Plaintiff out because she allegedly had the same name as the individual who received medical treatment. Keisha further stated that as a result of the skip trace, the medical bill balances were automatically applied to Plaintiff's credit. Keisha further stated that for Firstsource to have detached Plaintiff from the medical bill balances means Firstsource must have known they did something wrong. Keisha further stated that the hospital could not say for sure that the individual who received the medical services had even used Plaintiff's personal information. Keisha informed Plaintiff that the individual's date of birth and social security number did not match Plaintiff's and part of Plaintiff's address kind of matched, but that the address may have come from Defendant's skip trace and the hospital put them into the system because the city was not correct. Keisha further stated that the hospital does not know who the individual was and it was Firstsource's job to find this person. Keisha further informed Plaintiff that it was not an identity theft and what the hospital believes was that Firstsource picked up the wrong person when they did the skip trace. Keisha further stated that the individual who obtained medical treatment from St. Anthony's Medical Center did not try to use any of Plaintiff's information because she did not give a date of birth or social security number at the time of treatment. This information directly contradicts what Plaintiff was told by Firstsource's supervisor, Rick Wilson.

17. The medical bills at issue herein were incurred primarily for personal, family or household purposes and are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).

18. Sometime before June, 2010, the debts were consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

19. Plaintiff never incurred such consumer debts.

20. Defendant's reporting the debts to the credit reporting agencies as Plaintiff's debt was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. The conduct of Defendant in reporting debts to the credit reporting agencies they knew, or should have known, were clearly not Plaintiff's was a violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692e(14), 1692(f), amongst others.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of damage to her credit, a higher interest rate on her credit card, a lower credit limit on her credit card, loss of bonus points, anger, anxiety, emotional distress, frustration, upset, humiliation, and embarrassment amongst other negative emotions.

## DEMAND FOR JURY TRIAL

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury. United States Constitution Amendment 7. Federal Rule of Civil Procedure 38.

## CAUSE OF ACTION

### COUNT I - VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitutes violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

27. WHEREFORE, Plaintiff MARIJA PETROVIC prays for judgment against Defendant:

    a. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

    b. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

    c. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and

    d. For such other and further relief as may be just and proper.

Respectfully Submitted,

ST. DENIS & DAVEY, P.A.

_____
BRIAN W. DAVEY
Florida Bar Number 0152366
1300 Riverplace Boulevard, Suite 101
Jacksonville, Florida 32207
Telephone: (904) 396-1996
Facsimile: (904) 396-1991
E-Mail: brian@sdtriallaw.com
Trial Counsel

and

**STEVE WATREL, P.A**

**STEPHEN WATREL**
Florida Bar No.: 958999
6129 Atlantic Boulevard
Jacksonville, Florida 32211
Phone: (904) 723-0030
Facsimile: (904) 723-0025
E-Mail: swatrel@stevewatrel.com
Trial Counsel

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                        ) ss.
COUNTY OF DUVAL         )

Plaintiff Marija Petrovic, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, MARIJA PETROVIC, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_____
Marija Petrovic

Subscribed and sworn to before me
this 9th day of September, 2010.

_____
Notary Public

LISA Y. COFFEE
MY COMMISSION # DD 938665
EXPIRES: April 12, 2011
Bonded Thru Notary Public Underwriters

9